UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN BRODLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-539 RLM |
| v. | ) |
| | ) |
| NOE J. MARANDET, M.D., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Kevin Brodley, a *pro se* prisoner, filed a complaint alleging that a doctor at the Miami Correctional Facility ("Miami") is continually withholding his prescribed diabetic medication, Glipizide[1], for no legitimate reason. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color

---

[1] Glipizide is used to treat high blood sugar levels caused by a type of diabetes mellitus. U.S. National Library of Medicine.
https://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0010476/?report=details (last visited August 16, 2017).

of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

According to the complaint, Mr. Brodley, an inmate at Miami, has been diagnosed as having diabetes and is prescribed Glipizide to treat that condition. In September 2016, medical personnel mistakenly failed to reorder his Glipizide. This caused Mr. Brodley to file a prison grievance and tort claim. Dr. Marandet became upset with Mr. Brodley's actions. As a result, Dr. Marandet has continually upheld giving Glipizide to Mr. Brodley. As a result of not being able to take Glipizide as prescribed, Mr. Brodley has suffered dizziness, blurred vision, blackouts, and is now required to take insulin injections. Based on these allegations, Mr. Brodley has brought an Eighth Amendment claim against Dr. Marandet. Mr. Brodley seeks money damages and injunctive relief — to have his Glipizide given to him as prescribed.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known

that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

To be held liable for deliberate indifference to a serious medical need, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." Id.

There is little question that, based on the complaint, Mr. Brodley suffers from a serious medical need that requires him to take the prescription medication Glipizide. Mr. Brodley has also alleged that his Glipizide is continuously being withheld from him with no legitimate reason, which has caused him physical harm. Giving him the inferences to which he is entitled at the pleading stage, Mr. Brodley has alleged enough to proceed on an Eighth Amendment claim against Dr. Marandet.

For these reasons, the court:

(1) GRANTS Kevin Brodley leave to proceed on his Eighth Amendment claim against Dr. Noe Marandet in his individual capacity for money

damages for withholding Glipizide since October 2016;

(2) GRANTS Kevin Brodley leave to proceed on his Eighth Amendment claim against Dr. Noe Marandet in his official capacity for injunctive relief requiring him to administer Glipizide to Mr. Brodley as prescribed;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process on Dr. Noe Marandet; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Noe Marandet respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 21, 2017.        /s/ Robert L. Miller, Jr.
                                 Judge
                                 United States District Court